IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JEFFERY GREEN, #152967, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:09-CV-326-TMH |
| | ) | [WO] |
| | ) | |
| LOUIS BOYD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by
Jeffery Green ["Green"], a state inmate, challenging actions taken against him during his
incarceration at the Easterling Correctional Facility ["Easterling"].   In this complaint,
Green alleges correctional officials violated his constitutional rights with respect to his
classification as a restricted offender.  *Complaint - Doc. No. 1* at 2-3.  Green names Louis
Boyd, the warden of Easterling, and Tyrone Barrow, his classification specialist at
Easterling, as defendants in this cause of action.   Green seeks monetary damages and
requests issuance of an order requiring the defendants to remove him from restricted
offender status.  *Id*. at 4.

The defendants filed a special report and supporting evidentiary materials addressing
Green's claims for relief.  Pursuant to the orders entered in this case, the court deems it

appropriate to treat this report as a motion for summary judgment. *Order of June 22, 2009 - Doc. No. 13*. Thus, this case is now pending on the defendants' motion for summary judgment. Upon consideration of this motion, the evidentiary materials filed in support thereof and the plaintiff's response, the court concludes the defendants' motion for summary judgment is due to be granted.

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[1]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes

_____

[1] Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed.R.Civ.P. 56 Advisory Committee Notes.  Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.'  'Dispute' better reflects the focus of a summary-judgment determination." *Id*.  "'Shall' is also restored to express the direction to grant summary judgment." *Id*.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

demonstrate the absence of a genuine issue [- now dispute -] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).   The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.   *Id.* at 322-324.

The defendants have met their evidentiary burden and demonstrated the absence of any genuine dispute of material fact.   Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists.   *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may ... grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it.")   A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor.   *Greenberg*, 498 F.3d at 1263.

In civil actions filed by inmates, federal courts

must distinguish between evidence of disputed facts and disputed matters of professional judgment.  In respect to the latter, our inferences must accord deference to the views of prison authorities.  Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail

on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal citation omitted).  Consequently, to survive the defendants' properly supported motion for summary judgment, Green is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*.  "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted."  *Id.* at 249-250.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)."  *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990).  Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment.  *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own

4

conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting

the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted).  To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts....  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex*, 477 U.S. at 323-324 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact.  *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  Thus, the plaintiff's *pro se* status alone does not

mandate this court's disregard of elementary principles of production and proof in a civil case.  In this case, Green fails to demonstrate a requisite genuine dispute of material fact in order to preclude summary judgment.  *Matsushita*, *supra*.

### III.  DISCUSSION

### A. Absolute Immunity

Official capacity lawsuits are "in all respects other than name, ... treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985).  "A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900,  908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996).  Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity.  Therefore, Alabama state officials are immune from claims brought against them in their official capacities." *Lancaster v. Monroe County*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing and under the undisputed circumstances of this case, the defendants are entitled to sovereign immunity under the Eleventh Amendment for claims seeking monetary damages from them in their official capacities.  *Lancaster*, 116 F.3d at

1429; *Jackson v. Georgia Department of Transportation*, 16 F.3d 1573, 1575 (11th Cir.

1994); *Parker v. Williams*, 862 F.2d 1471 (11th Cir. 1989).

## B. Custody Classification and Program Placement

With respect to Green's claim he is entitled to placement in a lower custody

classification and/or favorable prison programs based on his satisfactory prison record, this

claim provides no basis for relief as an inmate confined in the Alabama prison system has

no constitutionally protected interest in the procedure affecting his classification level or

placement in programs because the resulting restraint, without more, does not impose an

"atypical and significant hardship on the inmate in relation to the ordinary incidents of

prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Francis v. Fox*, 838 F.2d 1147

(11th Cir. 1988); *Jones v. Diamond,* 594 F.2d 997 (5th Cir. 1979).

To the extent Green alleges the actions of the defendants constitute a violation of

the Eighth Amendment, couched in the complaint as "deliberate indifference" to his rights,

*Complaint - Doc. No. 1* at 3, this claim is likewise without merits as the Eighth Amendment

proscribes only those actions which  deprive an inmate of "the minimal civilized measure

of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also Wilson v.

Seiter*, 501 U.S. 294 (1991).  Neither classification of an inmate in a restrictive custody

level nor his confinement in a secure correctional facility as opposed to a work release

facility or placement in the supervised intensive restitution program alleges a sufficiently

8

grave deprivation so as to deprive Green of a right protected by the Eighth Amendment.

For the reasons set forth above, the defendants are entitled to summary judgment on these claims.

### C.  Equal Protection Claim

Green is currently incarcerated on a 30-year sentence imposed against him in 2003 by the Circuit Court of Coffee County for second degree assault.[2]  Green asserts the defendants deprived him of equal protection because they removed other inmates with Class C felony convictions from restricted offender status while he remains classified as a restricted offender. *Complaint - Doc. No. 1* at 3.  The defendants deny they acted in violation of Green's equal protection rights.  Specifically, the defendants maintain correctional officials, in accordance with requisite classification/program criteria and due to the nature of the underlying offense, determined Green should be classified as a restricted offender and deemed ineligible for various prison programs. *Defendants' Exhibit A (Affidavit of Carolyn Golson - Classification Specialist/Supervisor) - Doc. No. 12-1* at 1.

"Despite the tendency of all rights 'to declare themselves absolute to their logical extreme,' there are obviously limits beyond which the equal protection analysis may not be pressed....  The Fourteenth Amendment 'does not require absolute equality or precisely

---

[2]"Assault in the second degree is a Class C felony." *Ala. Code* § 13A-6-21(b).

equal advantages,'... nor does it require the State to 'equalize [prison] conditions.'" *Ross v. Moffitt*, 417 U.S. 600, 611-612 (1974); *Hammond v. Auburn University*, 669 F.Supp. 1555, 1563 (M.D. Ala. 1987) ("The Equal Protection Clause of the Fourteenth Amendment does not require all persons to be treated either identically or equally.").  To establish a claim cognizable under the Equal Protection Clause, "a prisoner must [at a minimum] demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis. *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001); *Damiano v. Florida Parole and Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)." *Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1318-1319 (11th Cir. 2006).  "[O]fficial action will not be held unconstitutional solely because it results in a ... disproportionate impact....  Proof of ... discriminatory intent or purpose is required to show a violation of the Equal Protection Clause." *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 264-265 (1977).  "'Discriminatory purpose' ... implies more than intent as volition or intent as awareness of consequences.  It implies that the decision maker ... selected ... a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500

10

U.S. 352, 359 (1991).  Evidence which merely indicates disparity of treatment or even arbitrary administration of state powers, rather than instances of purposeful or invidious discrimination, is insufficient to show discriminatory intent. *McKleskey v. Kemp,* 481 U.S. 279, 292, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987).

Since this case is before the court on a properly supported motion for summary judgment from the defendants, Green bears the burden of producing evidence which would be admissible at trial sufficient to show:  (i) the defendants provided more favorable treatment to other similarly situated inmates, i.e., inmates whose conduct during the offense was similar to his conduct of shooting the victim in the back of the head; and (ii) the decision to deny him favorable treatment resulted from intentional discrimination. *Celotex*, 477 U.S. at 322-324; *Anderson*, 477 U.S. at 249 (to preclude summary judgment, plaintiff must present significant probative evidence showing defendants provided more favorable treatment to similarly situated persons and did so as the result of intentional discrimination); *E & T Realty Company v. Strickland*, 830 F.2d 1107, 1114 (11th Cir. 1987), *cert. denied*, 485 U.S. 961 (1988) (Intentional discrimination on the part of the defendants in providing the challenged disparate treatment is required.  "Mere error or mistake in judgment" or "[e]ven arbitrary administration of a statute, without purposeful discrimination, does not violate the equal protection clause.").  The plaintiff cannot rest on conclusory allegations of a constitutional violation to defeat summary judgment nor is

"[t]he mere existence of a scintilla of evidence in support of [his] position" sufficient to avoid summary judgment. *Anderson*, 477 U.S. at 252; *Waddell*, 276 F.3d at 1279 (conclusory allegations based solely on subjective beliefs are insufficient to oppose summary judgment).

Green makes only specious and conclusory allegations regarding a denial of equal protection. The probative evidence before the court indicates the defendants did not treat Green differently from inmates with comparative offenses and further demonstrates the actions undertaken in Green's classification consideration process were based on the facts underlying his assault conviction, i.e., Green shot his victim in the back of the head after a verbal altercation regarding property stolen from the victim. As previously recognized, *infra* at p. 8-9, an Alabama inmate has no constitutional right to either a particular custody classification or placement in favorable prison programs. Absent the existence of a constitutionally protected liberty interest, this court must "look to see if persons similarly situated to the plaintiff" - persons with similar violent Class C felonies - "have been treated differently." *Hammond*, 669 F.Supp. at 1563; *Sweet*, 467 F.3d at 1318-1319. Although Green maintains "other[] inmates with Class C felon[ies]" have been removed from restricted offender status, *Complaint - Doc. No. 1* at 3, he does not identify the nature of their convictions so as to demonstrate these other inmates were actually similarly situated to him. Thus, Green fails to identify any other inmate with a similar offense towards whom

12

the defendants acted in a more favorable manner and his "equal protection claim necessarily fails first because he has not shown that he was treated differently from other, similarly situated prisoners." *Sweet*, 467 F.3d at 1319; *Hammond*, 669 F.Supp. at 1563 (emphasis in original) ("To the extent that any equal protection analysis is required [on the plaintiff's assertion of discrimination], absent the plaintiff's establishing a clearly protected liberty or property interest by the Constitution  ..., this Court [must] look to see if persons similarly situated to the plaintiff have been treated differently....  [T]here is *no* evidence that any [individuals] in the same position as the plaintiff have been treated differently from the plaintiff....  The plaintiff has offered the Court nothing on which to base his equal protection claim.  Accordingly, it is the opinion of this Court that the plaintiff's equal protection claim is without merit.").

Green also completely fails to meet his pleading burden on the second prong of his equal protection claim as he does not allege the defendants subjected him to adverse treatment based on some constitutionally impermissible reason.  Indeed, it is undisputed the defendants' based their adverse decisions on the violent nature of Green's offense.  Under applicable federal law, the allegations presented by Green are insufficient to demonstrate an equal protection violation.  *Sweet*, 467 F.3d at 1319; *E & T Realty*, 830 F.2d at 1114-1115; *Horner v. Kentucky High School Athletic Ass'n*, 43 F.3d 265, 276 (6th Cir. 1994); *Hammond*, 669 F.Supp. at 1563.  Consequently, summary judgement is due to

13

be granted in favor of the defendants on the discrimination claim.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendants' motion for summary judgment be GRANTED.

2.  Judgment be GRANTED in favor of the defendants.

3.  This case be dismissed with prejudice.

4.  The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before February 21, 2012 the parties may file objections to this Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 6th day of February, 2012.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE